IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 6 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| DETRA PERKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-694-A |
| | § | |
| CHILD CARE ASSOCIATES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, Detra
Perkins, to remand certain of the claims asserted against
defendant, Child Care Associates, in the above-captioned action
to the District Court of Tarrant County, Texas, 48th Judicial
District. The court, having considered the motion, the response,
the record, and applicable authorities, finds that the motion to
remand should be granted to the extent provided herein.

I.

Background

On June 22, 2016, plaintiff sued defendant in the District
Court of Tarrant County, Texas, 48th Judicial District, alleging
various wrongful termination claims under state and federal law.
Doc. 4 at Ex. B-1.[1] In particular, plaintiff brings claims for
(1) workers' compensation retaliation in violation of the Texas

---

[1] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this
case, No. 4:16-CV-694-A.

Labor Code § 451.001; (2) retaliation for making a report of child abuse in violation of the Texas Family Code; (3) discrimination in violation of the Employee Retirement Income Security Act; (4) discrimination in violation of Section 504 of the Rehabilitation Act; and (5) Retaliation for asserting rights under the Family and Medical Leave Act. Id. On July 22, 2016, defendant removed the case to this court, asserting subject matter jurisdiction under 28 U.S.C. § 1331. On August 24, 2016, plaintiff moved to remand the state law claims for retaliation in violation of the Texas Labor Code and the Texas Family Code.

II.

## Plaintiff's Motion to Remand

In seeking remand, plaintiff first argues-and defendant concedes-that plaintiff's claim under Texas Labor Code § 451.001 is nonremovable. Further, plaintiffs seek remand of the family law claim on the basis that "it contains novel questions of law and for other compelling reasons." Doc 10 at 1. Defendant responds that plaintiff fails to establish a compelling basis for this court to remand the claim, pointing to the absence of evidence that novel questions will be raised and attacking the plaintiff's lack of other compelling reasons.

III.

Relevant Legal Principles

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant." 28 U.S.C. § 1441. Further, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. A court may, at its discretion, decline to exercise supplemental jurisdiction when "the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C.A. § 1367. Accordingly, the court's ability to hear supplemental claims is nearly unfettered when, as here, the plaintiff has removed a federal question claim.

Despite this otherwise broad grant, the supplemental jurisdiction of district courts is limited by 28 U.S.C. § 1445,

3

which provides that "A civil action in any State court arising
under the workmen's compensation laws of such State may not be
removed to any district court of the United States." In the Fifth
Circuit, courts "broadly interpret § 1445(c) in order to further
Congressional intent toward maintaining state court jurisdiction
over worker's compensation cases filed in state court." Sherrod
v. Am. Airlines, Inc., 132 F.3d 1112, 1118 (5th Cir. 1998). Thus,
courts have routinely found that § 1445(c) requires remand of
claims for retaliatory discharge as arising under Tex. Labor Code
§ 451.001. See, e.g., Jones v. Roadway Exp., Inc., 931 F.2d 1086,
1091 (5th Cir. 1991) (collecting cases in which a claim of
employment discrimination stemming from the employee's filing a
workers' compensation claim).

IV.

Analysis

     In light of these authorities, the court agrees with the
parties that plaintiff's claim for wrongful discharge in
violation of Tex. Labor Code § 451.001 must be remanded. However,
the court declines to discretionarily remand plaintiff's family
law claims.

     Plaintiff urges remand of her state-law claims on the
grounds that "it contains novel questions of law and for other
compelling reasons." However, plaintiff fails to establish that

4

such questions or other compelling reasons exist. Instead, plaintiff begins from the questionable premise that a federal court should wait to apply state statutory schemes until a sufficient number of cases have construed the statute, arbitrarily concluding that three such cases is insufficient. Then, as far as "other compelling reasons" go, plaintiff offers only that the state law claims involve questions of fact that will require more time during trial. Neither justification is sufficiently persuasive to move the court to exercise its discretion to grant plaintiff's request to remand the family law claim.

<u>ORDER</u>

Therefore, the court ORDERS that such motion be, and is hereby, granted to the extent provided above and that plaintiff's claim under Texas Labor Code § 451.001 be, and is hereby, remanded to the state court from which it was removed.

The court determine that there is no just reason for delay in, and hereby directs, entry of final judgment as to such remand.

SIGNED September 16, 2016.

JOHN McBRYDE
United States District Judge

5