U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 2 2 2017

CLERK, U.S. DISTRICT COURT
By_____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DETRA PERKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-694-A |
| | § | |
| CHILD CARE ASSOCIATES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant, Child Care Associates, for summary judgment. Plaintiff, Detra Perkins, has filed a response and defendant has filed a reply and a document titled "Defendant Child Care Associates' Objections to Plaintiff's Summary Judgment Evidence." Having considered the motion, the response, the reply, defendant's objections, the entire summary judgment record, and applicable authorities, the court concludes that the motion should be granted.

I.

### Background

Plaintiff initiated this action by the filing of an original petition in the 48th Judicial District Court of Tarrant County, Texas. On July 22, 2016, defendant removed the action to this

court. Doc.¹ 1. The court remanded certain of plaintiff's claims by order and final judgment signed September 16, 2016. Doc. 12; Doc. 13. After repleading, plaintiff asserted the following claims and causes of action against defendant: (1) interference under the Family and Medical Leave Act ("FMLA"); (2) retaliation under the FMLA; (3) violation of § 261.110 of the Texas Family Code; and (4) violation of the Rehabilitation Act of 1973. Doc. 16.

II.

The Summary Judgment Motion

Defendant moved for summary judgment as to each of plaintiff's claims. First, defendant contends that both of plaintiff's FMLA claims are barred by limitations. On the merits, defendant asserts that plaintiff's FMLA interference claim fails as a matter of law because plaintiff has no evidence that defendant interfered with, denied, or restrained plaintiff's use of FMLA leave. Even if plaintiff established interference, defendant maintains that plaintiff cannot prove she was prejudiced because defendant approved all of plaintiff's FMLA requests. Second, defendant argues that plaintiff cannot establish a prima facie case as to her FMLA retaliation claim. Specifically, defendant contends that plaintiff cannot show a

---

¹The "Doc. _" references are to the number of the item on the docket in this action.

causal link between her FMLA protected activity and her termination. Defendant notes that plaintiff was fired eight months after her last FMLA leave period ended, and that plaintiff cannot provide any other evidence that she was terminated because of her taking FMLA leave.

Third, defendant asserts that plaintiff's Texas Family Code claim fails as a matter of law because Gloria Serrano ("Serrano"), the person who made the decision to terminate plaintiff, was not aware that plaintiff reported child abuse until after plaintiff was terminated. Rather, defendant argues that Serrano's decision was based solely on allegations made by Zayko Ramirez ("Ramirez"), a coworker of plaintiff, and the serious nature of such allegations. Doc. 24 at 021, ¶ 9.

Fourth, defendant contends that plaintiff cannot establish a prima facie case as to plaintiff's Rehabilitation Act claim. Defendant asserts that plaintiff does not have evidence that she is disabled, that defendant regarded her as disabled, or that she has a record of impairment that substantially limits a major life activity. Defendant further asserts that plaintiff cannot prove that defendant terminated her because of her alleged disability, or that it failed to provide plaintiff with reasonable accommodation.

3

III.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure states that the court shall grant summary judgment on a claim or defense if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. The summary judgment movant bears the initial burden of showing that there is no genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can carry this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmovant's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmovant must identify specific evidence in the record and articulate the precise manner that creates a genuine dispute of material fact. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). A fact is material if it might affect the outcome of the case under the governing law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). A dispute about

a material fact is genuine if the evidence is such that a rational fact finder could resolve the dispute in favor of either party. Id.

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the nonmovant, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 597; see also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

IV.

Undisputed Evidence

The following is an overview of evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record:

Plaintiff began working for defendant at the Ellis Child Development Center (the "Center") as a teacher's assistant in 2007, Doc. 24 at 003, and was promoted to the position of teacher in 2008, id. at 007. Between August 2011 and October 2013,

5

plaintiff requested FMLA leave on several occasions. See id. at 008-016. Defendant approved each of plaintiff's requests and permitted her to return to work at the end of each leave period. See id.

On June 26, 2014, Serrano, defendant's "Head Start Director," received a written statement from Ramirez alleging that plaintiff had inappropriate discussions with coworker Sheila McNeal ("McNeal") in front of children, grabbed and shook a child making him cry, and encouraged children to fight each other. Doc. 24 at 018-19. On June 27, 2014, Laura Elizondo ("Elizondo"), a licensing representative for the Texas Department of Family and Protective Services, visited the Center to conduct an investigation. Id. at 021, ¶ 8. Plaintiff was terminated on the same day as Elizondo's visit. Id. at ¶ 9.

V.

Analysis

A.  The FMLA Interference Claim

To prevail on an FMLA interference claim, plaintiff must prove that defendant "interfered with, restrained, or denied [plaintiff's] exercise or attempt to exercise FMLA rights, and the violation prejudiced [plaintiff]." Acker v. General Motors, L.L.C., 853 F.3d 784, 788 (5th Cir. 2017) (quoting Bryant v. Tex. Dep't of Aging & Disability Servs., 781 F.3d 764, 770 (5th Cir.

2015)); see 29 U.S.C. § 2615(a)(1). To be entitled to a right to take leave under the FMLA, "an employee must comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances." Id. (citing 29 U.S.C. § 2612(e)(1)). "Where an employee does not comply with the employer's usual notice and procedural requirements, and no unusual circumstances justify the failure to comply, FMLA-protected leave may be delayed or denied." Id.

Plaintiff pleaded that defendant interfered with plaintiff's FMLA rights by "threat[ening] to terminate her employment, giving her cold shoulder treatment, issuing her a written warning and terminating her before she could take additional time off for breast reconstructive surgery . . . ." Doc. 16 at 9-10, ¶ 80. Defendant addressed each of plaintiff's arguments in its motion for summary judgment. However, plaintiff's response only addresses her argument that she was terminated before she could take future FMLA leave. See Doc. 40 at 8-9. The court considers the arguments not raised in plaintiff's response to be abandoned.

In subsection A of plaintiff's response, plaintiff contends that she told Johnson of her plan to take future FMLA leave, and that "[t]he evidence of Ms. Johnson's involvement, hostility toward leave and knowledge of [plaintiff's] intent to use FMLA leave in the future is sufficient to establish interference under

7

a cat's paw analysis." Doc. 40 at 9. However, such assertions are not supported by citations to the summary judgment record. In the "Facts" section of plaintiff's response, plaintiff cited to her own unsworn declaration, which states that plaintiff "told Ms. Johnson . . . that in the future [she] would need another leave to finish reconstruction to the outside of [her] breasts." Doc. 37 at 3, ¶ 15. Defendant objected to such statement on the ground that it was conclusory. See Doc. 42 at 9, ¶ 16.

Even if the court were to consider plaintiff's statement, her FMLA interference claim nevertheless fails as a matter of law. Plaintiff adduced no evidence to show that she requested future FMLA leave in compliance with defendant's usual and customary notice and procedural requirements for requesting leave.[2] Moreover, plaintiff has not identified any unusual circumstances that would justify her apparent failure to comply with defendant's notice requirements. Defendant is not required to be clairvoyant. Lanier v. Univ. of Tex. Sw. Med. Ctr., 527 F. App'x 312, 316-17 (5th Cir. 2013) (quoting Satterfield v. Wal-Mart Stores, Inc., 135 F.3d 973, 980 (5th Cir. 1998)). Accordingly, defendant is entitled to summary judgment on plaintiff's FMLA interference claim.

---

[2]The evidence shows that in the past plaintiff requested leave by submitting paperwork to human resources, Doc. 24 at 036-37, and then received approval of such leave by mail, id. at 009, 037.

8

B.  The FMLA Retaliation Claim

The FMLA prohibits retaliation by an employer based on an employee's use of FMLA leave. 29 U.S.C. § 2615(a)(2). Retaliation claims under the FMLA are analyzed using the McDonnell Douglas burden-shifting framework. Wheat v. Florida Par. Juvenile Justice Comm'n, 811 F.3d 702, 705 (5th Cir. 2016) (citing Chaffin v. John H. Carter Co., 179 F.3d 316, 319 (5th Cir. 1999)). This framework requires plaintiff to prove a prima facie case of retaliation by establishing: (1) she was protected under the FMLA, (2) she suffered an adverse employment action, and (3) the adverse action was taken because she sought protection under the FMLA. Ion v. Chevron USA, Inc., 731 F.3d 379, 390 (5th Cir. 2013) (citing Mauder v. Metro Transit. Auth. of Harris Cnty., Tex., 446 F.3d 574, 583 (5th Cir. 2006)). The third element requires a "causal link" between the FMLA-protected activity and the adverse action. Acker v. General Motors, L.L.C., 853 F.3d 784, 790 (5th Cir. 2017) (quoting Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 332 (5th Cir. 2005). "When evaluating whether the adverse employment action was causally related to the FMLA protection, the court shall consider the 'temporal proximity' between the FMLA leave, and the termination." Mauder, 446 F.3d at 583. Plaintiff also can establish a causal link when the evidence demonstrates that "the employer's decision to terminate was based

in part on knowledge of the employee's protected activity." Medina v. Ramsey Steel Co., Inc., 238 F.3d 674, 684 (5th Cir. 2001) (quoting Sherrod v. Am. Airlines, Inc., 132 F.3d 1112, 1122 (5th Cir. 1998)).

Plaintiff was terminated eight months after her last FMLA leave period ended. The Fifth Circuit has found shorter time periods to be insufficient to establish causality based on temporal proximity alone. See e.g., Amsel v. Tex. Water Dev. Board, 464 F. App'x 395, 401-02 (5th Cir. 2012) (unpublished) (two months); Raggs v. Miss. Power & Light Co., 278 F.3d 463, 471-72 (5th Cir. 2002) (five months); cf. Evans v. City of Hous., 246 F.3d 344, 354 (5th Cir. 2001) ("We note that a time of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes.") (internal quotations omitted)).

In her response, plaintiff claims that she is not relying on temporal proximity alone, but that she has produced other evidence to establish causality. Plaintiff states, without citing to the summary judgment record, that "[t]here is evidence in the record that Ms. Serrano was updated weekly about [plaintiff's] September 28, to October 28, 2013 FMLA leave." Doc. 40 at 9. Having searched the summary judgment record on its own accord, the court has been unable to find evidence that supports such

10

statement. The remainder of plaintiff's "evidence" as to her FMLA retaliation claim consists of allegations of pretext that, except for one exception, are unsupported by citations to the summary judgment record. Plaintiff has failed to establish temporal proximity or provide other evidence of a causal link between plaintiff's termination and her use of FMLA leave. As a result, plaintiff has failed to establish the third element of her prima facie case. Accordingly, her FMLA retaliation claim fails as a matter of law.

C.  The Texas Family Code Claim

As applicable here, section 261.110 of the Texas Family Code prohibits an employer from terminating an employee who in good faith reports child abuse or neglect. See Tex. Fam. Code. § 261.110(b). There is a rebuttable presumption of retaliation if the employee was terminated before the 61st day after the date on which the employee made a good faith report. § 261.110(i). However, an employer may raise an affirmative defense that the employer would have terminated the employee based solely on information, observation, or evidence that is not related to the fact that the employee reported child abuse or neglect. § 261.110(k).

Plaintiff alleges that she made a good faith report of child abuse or neglect to Johnson on or about May 24, 2014. See Doc 16

at 5, ¶¶ 44-48; Doc. 37 at 5, ¶¶ 24-27. Plaintiff was terminated on June 27, 2014. Because of the proximity between plaintiff's report and her termination, defendant concedes that a rebuttable presumption of retaliation exists under § 261.110(i). However, defendant rebuts the presumption by adducing evidence that plaintiff's termination was based solely on information, observation or evidence unrelated to plaintiff's report. Defendant cites to the declaration of Serrano, which states that her decision to terminate plaintiff was based "solely on the allegations made by Ms. Ramirez and the serious nature of those allegations." Doc. 24 at 021, ¶ 9. Serrano's declaration also states that she did not become aware of plaintiff's report of child abuse until after plaintiff's termination. See id. at ¶ 10.

Assuming arguendo that plaintiff made a valid report on May 24, 2014, plaintiff has not cited, and the court has not found, any evidence in the summary judgment record contradicting defendant's evidence that Serrano did not have knowledge of such report before plaintiff's termination. As a result, plaintiff has failed to raise a genuine issue of material fact as to defendant's rebuttal evidence, and defendant is entitled to summary judgment on plaintiff's claim under the Texas Family Code.

D.  The Rehabilitation Act of 1973 Claim

The Rehabilitation Act of 1973 prohibits employment discrimination against qualified individuals with disabilities. Kemp v. Holder, 610 F.3d 231, 234 (5th Cir. 2010). Violations of the Rehabilitation Act are judged under the same legal standards as the Americans with Disabilities Act. Id. Absent direct evidence of discrimination, plaintiff must show that: "(1) [s]he has a disability; (2) [s]he was qualified for the job; and (3) [s]he was subject to an adverse employment decision on account of h[er] disability." Delaval v. Ptech Drilling Tubulars, L.L.C., 824 F.3d 476, 479 (5th Cir. 2016) (internal citations omitted). "After establishing a prima facie case, the burden shifts to the employer to 'articulate a legitimate, nondiscriminatory reason for' the adverse employment action." Id. Then, the employee must present evidence that the articulated reason is pretextual. Id. "[D]iscrimination need not be the sole reason for the adverse employment decision . . . so long as it actually plays a role in the employer's decision making process and has a determinative influence on the outcome." Id. at 479-80 (alterations omitted).

Defendant contends that plaintiff has not established the first and third elements of her prima facie case. Specifically, defendant argues that plaintiff has not proved that she has a disability under the ADA. And, defendant claims that plaintiff

13

has no evidence that Serrano was aware that plaintiff had breast cancer and/or even considered her breast cancer in her decision to terminate her employment. Doc. 41 at 8.

Plaintiff pleads that she is disabled due to two, seemingly independent grounds: breast cancer and injuries sustained in an automobile accident. Doc. 16 at 8-9, ¶¶ 72-75. In her response, plaintiff addresses her Rehabilitation Act claim only twice. In the section titled "Argument Summary," plaintiff states, without citing evidence, that

> [p]laintiff's cancer and the injuries to her rotator cuff, upper back and shoulder establish that she has an actual, record of disability and perceived disability. Plaintiff's extreme fatigue, pain, sleeplessness, lack of strength, inability to raise her arm above her head and other impairments caused by the cancer and injuries also establish that she has a disability as the term is used by the Rehabilitation Act.

Doc. 40 at 2. Later, in subsection C titled "Rehabilitation Act claim," plaintiff argues in full that "[plaintiff] has cancer which in its active state affects cell growth. App. 51-53, Ex. 9[.] [Plaintiff's] testimony supports that she has a disability. App. 21, Ex. 1, Perkins, p. 21." Id. at 10. The first citation is to a two-page pathology report from 2012, which states under the section titled "Final Pathologic Diagnosis," "Right breast mass at 7 o'clock, ultrasound core biopsy Infiltrating duct cell carcinoma, grade 1, see comment." Doc. 37 at 52. The second citation, from best the court can tell, is to plaintiff's unsworn

14

declaration, which states "[o]n October 28, 2013, all my restrictions were removed so that I could return to work. From the day of the car wreck to the present day, I am frequently unable to raise my arm above my head, carry a five-pound bag of groceries or sleep." Id. at 4, ¶ 21.

Assuming arguendo that plaintiff's impairments qualify as a disability under the ADA, the court agrees with defendant that plaintiff has failed to establish that she was terminated on account of her disability. Plaintiff's response wholly fails to address defendant's argument that plaintiff has no evidence that Serrano was aware that plaintiff had breast cancer and/or even considered her breast cancer in her decision to terminate her employment. Having failed to raise a genuine issue of material fact as to the causality element of plaintiff's prima facie case, defendant is entitled to summary judgment on plaintiff's Rehabilitation Act claim.

VI.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and

causes of action asserted by plaintiff against defendant be, and are hereby, dismissed.

SIGNED August 22, 2017.

_____
JOHN McBRYDE
United States District Judge